PECKFORD v. PECKFORD.

Where a divorce was decreed in a suit brought by the wife against her hus-
band, for adultery, an annuity equal to the annual value of one-third of the
husband's property, at six per cent. was allowed to the wife during her
natural life, for her alimony.

If her conduct had been discreet, prudent and submissive to her husband, the
allowance to her would have been greater.

December 2d.    The bill was filed in this cause by the complainant
against the defendant, her husband, for a divorce, upon the
ground of adultery. A verdict had been rendered in favor
of the complainant on the feigned issue awarded to try the
fact of adultery. The only question on the hearing was
as to the amount of alimony to be allowed to the complain-
ant. It appeared from the proofs that the complainant had
been guilty of indiscretions, and had not been a dutiful
and submissive wife.

*A. L. McDonald* for complainant.

*R. Bogardus* for the defendant.

THE CHANCELLOR:—The fact of adultery having been
ascertained by the verdict on the feigned issue, the only
question is as to the amount of alimony to be allowed.
The usual course in such cases is to order a reference to
ascertain, by the report of a master, the value of the de-
[*275]      fendant's *property and what would be a suitable allowance.
But as both parties have requested the court to settle the
allowance to the wife from the fact now before it, I shall
save the defendant the expense of a reference. I shall
adopt his own estimate of the value of his property,
$12,000, as proved by Joseph Gregory. As the defendant
cannot marry again during the life of the complainant,
and, therefore, will not want property for the support of a

family, if the wife had been perfectly discreet, prudent and submissive to her husband, I should have allowed her half of this property.

Although there is no pretence for the charge made against her by the defendant, yet by going to England against his wishes, she exposed him to temptation, which has probably proved the destruction of their connubial happiness. Her indiscretions, too, after her return, were such at least as to produce remarks from her more discreet neighbors. Under these circumstances, she must be content to receive for her support for life an annuity equal to the value of one-third of his property, at six per cent. The amount already paid by the husband will probably cover her expenses and counsel fees over and above the taxable costs. There must be a decree for a divorce, and the husband must pay to the complainant's solicitor the taxable costs, and must pay to her an annuity of four hundred dollars during her natural life, commencing on the 1st day of December, 1828, payable quarterly, and to be secured to her satisfaction. And if the parties cannot agree upon the manner in which the same is to be secured, it must be referred to a master to settle the manner in which the same is to be secured, and the place of payment, &c.